UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEAN-LOUIS ENEQUE and ANGEL PINAREYES: Individually and on Behalf of All Other Persons Similarly Situated,

Plaintiffs,

-against-

METROPOLITAN CABLE COMMUNICATIONS, INC. and TIME WARNER CABLE OF NEW YORK CITY, A DIVISION OF TIME WARNER ENTERTAINMENT COMPANY, L.P.,

Defendants.

09 Civ. 6831 (RJH)

**AMENDED COMPLAINT AND JURY DEMAND**

Plaintiffs JEAN-LOUIS ENEQUE and ANGEL PINAREYES (hereafter collectively "Plaintiffs"), by counsel and on their own behalf and on behalf of all others similarly situated, individually and as a Collective Action Representative, for their Collective Action Complaint against Defendants METROPOLITAN CABLE COMMUNICATIONS, INC. ("Metropolitan Cable") and TIME WARNER CABLE OF NEW YORK CITY, A DIVISION OF TIME WARNER ENTERTAINMENT COMPANY, L.P., ("TWCNYC") (hereafter collectively "Defendants"), allege, upon information and belief, except for the allegations concerning Plaintiffs' own actions, as follows:

## NATURE OF THE ACTION

1. Plaintiffs allege on behalf of themselves and other similarly situated current and former cable installers/technicians employed by Defendants who elect to opt into this action

pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are: (i) entitled to unpaid wages from Defendants for work performed for which they did not receive any compensation, as well as overtime work for which they did not receive overtime premium pay and, when they were working on a piece-work basis, were not paid premium pay for the piece work cable installations completed during hours worked in excess of forty hours in a workweek, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Plaintiffs' claims involve matters of national or interstate interest.

4. Defendants are engaged in an enterprise, telecommunications, which is engaged in interstate commerce.

5. The annual gross business volume of defendants' businesses is at least $500,000.00.

6. Plaintiffs work for the communication industry, which is an instrumentality of interstate commerce, and handle goods and materials that have been moved in or produced for interstate commerce.

7. Venue is proper in this District pursuant to 28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to the claims occurred in this District.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

9. Plaintiff Jean-Louis Eneque ("Eneque") was, at all relevant times, an adult individual, residing in New York, New York. From in or about 2006 until July 2009, Plaintiff was employed by Defendants as a cable technician/installer.

10. Plaintiff Angel Pinareyes ("Pinareyes") was, at all relevant times, an adult individual, residing in Bronx, New York. From in or about 2007 until in or about 2008, Plaintiff was employed by Defendants as a cable installer/technician.

11. Defendant Metropolitan Cable is a corporation organized and existing pursuant to the laws of New York, with its principle place of business at 2658 Borough Place, Woodside, New York 11377. According to its website, http://www.metrocablecom.com/, Metropolitan Cable has extensive knowledge of the cable industry and provides RF Installation, Broadband Installation, TapAudit, Converter Exchange Programs, Construction, System Upgrade, MDU Construction and Block Wiring, with "over 100 years of hands on cable experience".

12. Defendant, TWCNYC, a leading telecommunications, media and entertainment company, is a corporation organized and existing pursuant to the laws of Delaware, with its place of business at 60 Columbus Circle, 17th Floor, New York, New York 10023. According to its web site, www.timewarnercable.com/Corporate/about/highlights /default.html, TWCNYC is the second-largest cable operator in the U.S., with technologically advanced, well-clustered systems located mainly in five geographic areas — New York State (including New York City), the Carolinas, Ohio, southern California (including Los Angeles) and Texas.

13. Defendants Metropolitan Cable and TWCNYC are establishments that, both individually and collectively, are engaged in related activities performed through a unified operation or control, for common business purposes.

14. Defendant TWCNYC employed Plaintiffs and other similarly situated employees by using a subcontractor system. Defendant Metropolitan Cable is a subcontractor of Defendant TWCNYC. Defendants TWCNYC and Metropolitan Cable controlled and supervised the work performed by Plaintiffs and other similarly situated individuals.

**COLLECTIVE ACTION ALLEGATIONS**

15. Pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute their FLSA claims as a nationwide collective action on behalf of all persons who are or were formerly employed by Defendants throughout the United States, as cable installers/technicians at any time since August 3, 2006 to the entry of judgment in this case (the "Collective Action Period") and who were not paid for hours that they actually worked, as well as for overtime compensation at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek and, when they were working on a piece work basis, were not paid premium pay for piece work cable installations they completed during hours worked over forty hours per work week (the "Collective Action Members").

16. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number could be made are presently within the sole control of the Defendants, there are at least 100 Collective Action Members during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

17. Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of

employment law and class action litigation. Plaintiffs have no interest that is contrary to or in conflict with those members of this collective action.

18. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

19. Questions of law and fact common to Collective Action Members predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact are:

a. whether the Defendants employed, either individually or jointly, the Collective Action members within the meaning of the FLSA;

b. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

c. whether Defendants violated C.F.R. § 516.4 by failing to post or keep posted, a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area in which Plaintiffs and Collective Action Members are employed;

d. whether Defendants failed to pay Plaintiffs and the Collective Action Members for all hours which they worked and, whether they received proper overtime compensation for hours worked in excess of forty hours per

workweek, in violation of the FLSA and the regulations promulgated thereunder;

e. whether Defendants' violations of the FLSA were willful as that term is used within the FLSA; and

f. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees.

20. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

**STATEMENT OF FACTS**

21. Plaintiffs Eneque and Pinareyes worked as cable installers/technicians for Defendants, installing TWCNYC equipment at various premises. Their work was performed in the normal course of the Defendants' business and was integrated into the business of the Defendants.

22. At all times relevant to this action, Defendants were the joint employers of the Plaintiffs within the meaning of the FLSA. Defendants do not act entirely independent of each other and are not completely dissociated with respect to the employment of the Plaintiffs. Defendant TWCNYC, together with Metropolitan Cable, maintains authority, control and supervision over Plaintiffs and established the employment policies that were applied to Plaintiffs.

23. Specifically, TWCNYC provided on-site supervision over the Plaintiffs, provided Plaintiffs with uniforms and identification badges, directed Plaintiffs as to locations in which they were to work, required Plaintiffs to use only Defendant TWCNYC equipment, restricted Plaintiffs' installations to Defendant TWCNYC's networks, restricted Plaintiffs' installations to Defendant TWCNYC's customers, provided on-site supervision over the Plaintiffs, provided

on-site training to the Plaintiffs, regularly furnished training guidelines to the Plaintiffs, required the Plaintiffs to comply with Defendant TWCNYC's work specifications and rules of conduct, directed Plaintiffs as to the time "windows" in which they were to perform specific installations of Defendant TWCNYC's equipment at the residences of Defendant TWCNYC's customers, required Plaintiffs to communicate at the completion of each installation directly to Defendant TWCNYC, and directed Plaintiffs to fill out daily paperwork documenting completed assignments.

24. Defendants benefited financially from the work performed by Plaintiffs.

25. Defendant Metropolitan Cable acts directly in the interest of TWCNYC in relation to any supervision it provided over Plaintiffs in the workplace.

26. As joint employers, Defendants are both individually and jointly responsible for compliance with all applicable provisions of the FLSA.

27. Plaintiffs often worked in excess of 40 hours a week, yet the Defendants willfully failed to pay Plaintiffs proper compensation for all of the hours worked by them as well as overtime compensation of one and one-half times their regular hourly rate and, when Plaintiffs were working on a piece-work basis, Defendants willfully failed to pay premium compensation for the piece work they completed during hours worked in excess of forty hours in a workweek.

28. Defendants regularly required Plaintiffs to report to Defendant Metropolitan Cable's warehouse prior to the first scheduled installation appointment of the day, often as early as 7:00 or 7:30 a.m., for the purpose of issuing Plaintiffs their work orders and equipment. Defendants willfully failed to maintain records regarding this time, to compensate Plaintiffs for these hours worked, or to include this time in their calculation of overtime premium pay due to Plaintiffs.

29. Defendants regularly required Plaintiffs to take measures at the beginning of the work day to ensure that their work vehicles were in operable condition. Plaintiffs were required to fill the vehicles' tires with air and the tanks with fuel. Defendants willfully failed to maintain records regarding the time Plaintiffs spent ensuring the road-worthiness of their vehicles, to compensate Plaintiffs for this time, or to include this time in their calculation of overtime premium pay due to Plaintiffs.

30. Defendants regularly required Plaintiffs to work through their lunch breaks but did not compensate them for this time. Defendants willfully failed to maintain records establishing that Plaintiffs were not working through the lunch break, willfully failed to compensate Plaintiffs for any working lunch breaks, and willfully failed to include any working lunch breaks in their calculation of overtime premium pay due to Plaintiffs.

31. Defendants regularly required Plaintiffs to return to Defendant Metropolitan Cable's warehouse after completion of their installation jobs for the day, for the purpose of returning unused equipment and completed work orders. Defendants willfully failed to maintain records regarding this time, to compensate Plaintiffs for this time, or to include this time in their calculation of overtime premium pay due to Plaintiffs.

32. Throughout the Collective Action Period, the Defendants likewise jointly employed other, similarly situated cable installers/technicians. Such individuals have also worked in excess of forty hours a week as described in paragraphs 27, 28, 29, 30 and 31, yet the Defendants have likewise willfully failed to pay them compensation for all of the hours worked by them as well as overtime compensation of one and one-half times their regular hourly rate or, when they were working on a piece-work basis, Defendants willfully failed to pay

Collective Action Members premium compensation for the piece work they completed during hours worked in excess of forty hours.

33. The exact number of such individuals is presently unknown, but within the sole knowledge of the Defendants and can be ascertained through appropriate discovery.

34. During the course of Plaintiffs' employment, and while Defendants employed Plaintiffs and the Collective Action Members, the Defendants failed to maintain accurate and sufficient time records.

35. Throughout all relevant time periods, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

**CLAIM FOR RELIEF:**
**FAIR LABOR STANDARDS ACT**

36. Plaintiffs, on behalf of themselves and all Collective Action Members, reallege and incorporate by reference paragraphs 1 through 35 as if they were set forth again herein.

37. Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

38. At all relevant times, Defendants have been and continue to be, employers and/or joint employers, engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

39. At all relevant times, Defendants have jointly and/or individually employed, and/or continue to individually and/or jointly employ, Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

40. At all relevant times, Defendants, individually and/or jointly, suffered or permitted the Plaintiffs and the Collective Action Members to work for them.

41. At all relevant times, the Defendants had a policy and practice of refusing to pay premium overtime compensation to cable installers/technicians for the hours they worked in excess of forty hours per workweek as well as compensation for all hours worked by them.

42. As a result of the Defendants' willful failure to compensate its cable installers/technicians, including Plaintiffs and the Collective Action Members for all of the hours worked by them, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendants have violated and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

43. As a result of the Defendants' failure to record, report, credit and/or compensate Plaintiffs and the Collective Action Members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

44. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

45. Due to the Defendants' FLSA violations, Plaintiffs, on behalf of themselves and the Collective Action members, are entitled to recover from the Defendants their unpaid wages as well as overtime compensation, liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Wherefore, Plaintiffs on behalf of themselves and all other similarly situated Collective Action Members, respectfully request that this Court grant the following relief:

a. Designation of this action as a nationwide collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all Collective Action Members, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiffs and their counsel to represent the Collective Action Members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c. An award of unpaid wages as well as overtime compensation due under the FLSA;

d. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay for all hours worked as well as overtime compensation pursuant to 29 U.S.C. § 216;

e. An award of prejudgment and post judgment interest;

f. An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees; and

g. Such other and further relief as this Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint.

Dated: Katonah, New York
October 21, 2009

ASHER, GAUGHRAN LLP

By: ______________________
Julie Gaughran (JEG 6790)

Rachel Asher (RSA 2610)
223 Katonah Avenue
Katonah, New York 10536
(914) 232-0934

KLAFTER OLSEN & LESSER LLP
Fran L. Rudich
Jeffrey A. Klafter
Seth R. Lesser
Two International Drive, Suite 350
Rye Brook, New York 10573
(914) 934-9200

BERGER & ASSOCIATES
Bradley Berger
321 Broadway
New York, New York 10007
(212) 571-1900

***Attorneys for Plaintiffs***