UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ENEQUE JEAN-LOUIS, ANGEL PINAREYES, TOMAS TORES-DIAZ, ROSELIO MENDOZA, EDWIN PEGUERO, JONNATAL PERALTA, and ROBIN SORIANO, Individually And On Behalf Of All Other Persons Similarly Situated,

                    Plaintiff,

-against-

METROPOLITAN CABLE COMMUNICATIONS, INC., RICHARD PANG, JOHN SNYDER, BILL BAKER, PATRICK LONERGAN, and JOHN GAULT,

                    Defendants.

---



Index No. 09-Civ-6831 (ALC)(MHD)

## ORDER PRELIMINARILY APPROVING SETTLEMENT

WHEREAS, the Plaintiffs and Defendants have entered into a Settlement Agreement intended to resolve the litigation against Defendants arising out of their alleged failure to pay overtime wages due to Cable Installers/Technicians, such litigation both pending in this Court in the above captioned matter, as well as in the Supreme Court of the State of New York, Queens County, *Rodriguez v. Metropolitan Cable Communications, Inc.*, No. 21517/08 (the "Lawsuits"); and

WHEREAS, the Settlement Agreement, together with supporting materials, sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of the Lawsuits against the Defendants; and

WHEREAS, the Court has before it Plaintiffs' Motion for Preliminary Approval of Settlement and supporting papers in support thereof, together with the Settlement Agreement and supporting materials; and

WHEREAS, Defendants do not oppose the Motion; and

WHEREAS, the Court is satisfied that the terms and conditions set forth in the Settlement Agreement were the result of good faith, arm's length settlement negotiations between competent and experienced counsel for both Plaintiffs and Defendants.

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The terms of the parties' Settlement Agreement are hereby conditionally approved, subject to further consideration thereof at the Final Approval Hearing provided for below. The Court finds that the Settlement is sufficiently within the range of reasonableness and that notice of the proposed settlement should be given as provided in this Order.

2. The Court conditionally certifies, for settlement purposes only, the following Settlement Class pursuant to Fed R. Civ. P. 23 and 29 U.S.C. § 216(b), a class that includes all individuals who were employed by Defendants as Cable Installers/Technicians at any time between August 25, 2002 and the date of execution of the Settlement Agreement.

3. The Court further conditionally finds that Plaintiffs Eneque Jean-Louis and David Rodriguez (the "Settlement Class Representatives") are adequate Class Representatives.

4. The Court further conditionally finds that Plaintiffs' Counsel are adequate to serve as Class Counsel and conditionally appoints the following as counsel for the class:

> Seth R. Lesser
> Fran L. Rudich
> Michael J. Palitz
> KLAFTER OLSEN & LESSER LLP
> Two International Drive, Suite 350
> Rye Brook, New York 10573
> Telephone: (914) 934-9200

Rachel Asher
Julie Gaughran
ASHER GAUGHRAN LLP
4 MacDonald Avenue, Suite 3
Armonk, New York 10504
Telephone: (914) 273-3187

5. Any person who does not elect to be excluded from the Settlement Classes may, but need not, enter an appearance through his or her own attorney. Settlement Class members who do not enter an appearance through their own attorneys will be represented by Class Counsel.

*Notice to Settlement Class and Appointment of Settlement Administrator*

6. The Court approves the form of Notice attached as Exhibit B to the Declaration of Fran L. Rudich and the manner of notice set forth in Section 4 of the Settlement Agreement. Such Notice shall issue on or before the date ten (10) days from the date of entry of this Order. Defendants shall provide class member information to the Claims Administrator on or before the date twenty (20) days from the execution of the Settlement Agreement.

7. The manner and form of Notice set forth in Section 4 of the Settlement Agreement and as attached as Exhibit B to the Rudich Declaration are hereby approved and the provisions thereof are hereby incorporated into this Order so that upon entry of this Order, the parties are directed to ensure that the notice is disseminated according to the terms of Section 4. Settlement Class members may request exclusion from the Settlement or object to the Settlement as described in the Settlement Agreement on or before the date twenty-one (21) days after the date upon which notice is mailed by the Claims Administrator. Settlement Class members must cash their checks within 270 days from the date of mailing of the checks by the Claims Administrator. Pursuant to Section 5(d) of the Settlement Agreement, any funds from uncashed checks will be promptly refunded to

Defendants.

8.  The Notice to be provided as set forth in the Settlement Agreement is hereby found to be the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement and the Final Approval Hearing to all persons and entities affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of Fed R. Civ. P. 23, due process, the Constitution of the United States, the laws of New York and all other applicable laws. The Notice is accurate, objective, informative and provides members of the Settlement Classes with all of the information necessary to make an informed decision regarding their participation in the Settlement and its fairness.

9.  The parties and their respective counsel are authorized to retain Kurtzman Carson Consultants LLC, to serve as the Claims Administrator in accordance with the terms of the Settlement Agreement and this Order.

*Requests for Exclusion from the Settlement Class*

10.  Any member of the Settlement Class who wishes to be excluded ("opt out") must send an opt-out written request for exclusion to the Claims Administrator, so that it is received by the Claims Administrator at the address indicated in the Notice on or before the date twenty-one (21) days after notice is mailed by the Claims Administrator. The opt-out written request shall fully comply with the requirements set forth in the Settlement Agreement and the Notice and shall include the Settlement class member's name, address, and telephone number. If, however, the Settlement Class member cashes his or her settlement check, his or her opt out request will be void.

11.  Members of the Settlement Class may not exclude themselves by filing requests for exclusion as a group or class, but must in each instance individually and

personally execute a request for exclusion and timely transmit it to the Claims Administrator.

12. Any member of the Settlement Class who does not properly and timely request exclusion, whether or not such person objected to the Settlement and whether or not such person cashed the settlement check pursuant to the terms of the Settlement Agreement and Notice, (a) shall be bound by all the terms and provisions of the Settlement Agreement and shall release and discharge Defendants and Time Warner Cable of New York City and each of their present and former parent corporations, joint venturers, partners, affiliates, subsidiaries and otherwise related entities, and any and all of its or their respective incumbent or former officers, directors, employees, consultants, agents, representatives and assigns (collectively, "Releasees"), of and from any and all claims, liabilities, demands or causes of action, known or unknown, that he/she may have against Releasees, whether pursuant to any written or oral contract, written or oral promise or other understanding, or pursuant to any federal, state, or local rule, regulation or law, relating to claims under the FLSA and NYLL; and (b) shall be enjoined from proceeding against the Defendants for such released claims.

*Objections to the Settlement*

13. As provided for in Section 6 of the Notice, any person who does not elect to be excluded from the Settlement may, but need not, submit comments or objections to the proposed Settlement, entry of Final Order and Judgment approving the settlement, or Settlement Class Counsel's application for fees and expenses by serving a written objection.

14. Any individual making the objection (an "Objector") must sign the objection personally. To object, Settlement Class members must send to the Claims Administrator a written statement describing their reasons for objecting to the Settlement no later than

twenty-one (21) days after the date of mailing of the Notice. No person shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any person shall be received or considered by the Court at the Final Approval Hearing, unless such written statement of objections and supporting materials are timely filed and served as set forth herein.

15. An objection must also state the Objector's full name, address, and the dates and position(s) of the objector's employment with Defendants.

16. If an objector intends to appear personally at the Final Approval Hearing, the Objector must include with the objection a notice of the Objector's intent to appear at the hearing. If counsel is appearing on behalf of more than one Settlement Class member, counsel must identify each such Settlement Class member, and each Settlement Class member must have complied with the requirements of this Order.

*The Final Approval Hearing*

17. A hearing on Final Approval of the Settlement (the "Final Approval Hearing") is hereby scheduled to be held before this Court on Jan. 10, 2013 at 10am, to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the dismissal with prejudice of the Lawsuits with respect to Defendants herein, and the entry of final judgment in the Lawsuits.

18. Settlement Class Counsel's application for award of attorney's fees and costs and the Settlement Class Representatives' application for Incentive Awards for Eneque Jean-Louis, David Rodriguez, Angel Pinareyes, and Tomas Tores-Diaz shall be heard at the time of the Final Approval Hearing. Any application for an award of attorneys' fees and costs and any application for Incentive Awards shall be filed with the Court on or before the date fifteen (15) days prior to the Final Approval Hearing.

19. The date and time of the Final Approval Hearing shall be set forth in the Notice, but the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Classes other than that which may be posted by the Court.

20. Only Settlement Class members who have filed and served valid and timely notices of objection shall be entitled to be heard at the Final Approval Hearing. Any Settlement Class member who does not timely file and serve an objection in writing to the Settlement, entry of Final Judgment, or to Settlement Class Counsel's application for fees, costs, and expenses or to the awards proposed for the Settlement Class Representatives and Angel Pinareyes and Tomas Tores-Diaz, in accordance with the procedure set forth in the Settlement Agreement, Notice, and as mandated in this Order, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise.

*Other Provisions*

21. Each and every time period and provision of the Settlement Agreement shall be deemed incorporated herein as if expressly set forth and shall have the full force and effect of an Order of this Court.

22. All reasonable costs incurred in notifying members of the Settlement Classes, as well as administering the Settlement Agreement, shall be paid as set forth in the Settlement Agreement.

23. If the Settlement Agreement is terminated or not consummated for any reason whatsoever, the conditional certification of the Settlement Classes shall be void and the Defendants shall have reserved all of their rights to oppose any and all class certification motions, to contest the adequacy of any Plaintiff as representative of any putative class, and to contest the adequacy of Plaintiffs' counsel as adequate Class

Counsel. Additionally, Plaintiffs shall have reserved all of their rights, including the right to continue with the litigation pending at the time of the settlement should the Settlement Agreement not be consummated.

**IT IS SO ORDERED.**

Dated: Sept. 4, 2012

_____
Hon. Andrew L. Carter, Jr.
U.S.D.J.